[No. 4930.]

## JOHN MELTON AND J. B. FISHER v. ORVILLE D. LAMBARD.

VERBAL SALE OF REAL ESTATE.—A gold mine is real estate, and an interest therein, other than an estate at will or for a term not exceeding one year, can be transferred only by an instrument in writing. A verbal sale is not good.

POSSESSION OF REAL ESTATE.—The owner of an undivided interest in a mine is entitled to the possession of the whole mine, as against one who has not title to any portion of the mine.

APPEAL from the District Court, Eleventh Judicial District, County of El Dorado.

Ejectment to recover three-fourths undivided of a gold-bearing quartz mine, called the Earle Mine, in Mount Pleasant Mining District, county of El Dorado. The evidence showed that one Earle located the mine about the 6th day of June, 1874, and that, in August, he made a verbal sale to the plaintiffs of an undivided one-half of the mine, and to one Loughborrow a verbal sale of an undivided one-fourth, and that Loughborrow afterwards conveyed by in-

strument in writing to the plaintiffs. The plaintiffs and Loughborrow paid a valuable consideration and went into possession with Earle. Earle afterwards left and the defendant went into possession and excluded the plaintiffs. The defendant owned one undivided one-fourth of the mine. When these facts appeared on the trial, the defendant moved for a nonsuit, which was granted by the court. The plaintiff appealed.

*A. P. Catlin and George G. Blanchard,* for the Appellants.

Before the act of 1860, it was well settled that a parol sale of a mining claim, accompanied by delivery of possession, was valid and sufficient. (*Jackson* v. *Feather River Water Co.,* 14 Cal. 18; *Table Mountain Tunnel Co.* v. *Stranahan,* 20 Cal. 198; *Gatewood* v. *McLaughlin,* 23 Cal. 178; *Patterson* v. *Keystone,* 23 Cal. 575.)

These decisions were not obnoxious to the statute of frauds, because the transfer of a mining claim upon the public lands was not the transfer of an estate in lands.

The act of 1860 is repealed by section 1052 of the Civil Code, which provides that "a transfer may be made without writing in every case in which a writing is not expressly required by statute." This is one of the sections of Chapter I, Title IV, which treats of "transfers in general." The codes do not make any change in the statute of frauds relating to the conveyance of real property. Section 1052 above quoted, together with section 20, effect the repeal of the act of 1860. The legislation of the Civil Code on the subject of transfers in all cases is complete, and the act of 1860 is inconsistent with section 1052, and is therefore abrogated by section 20.

*G. J. Carpenter and Geo. E. Williams,* for the Respondent.

A verbal sale of a mining claim, accompanied with possession, is not sufficient to pass the title.

The act of April 13, 1860, passed upon in *Goller* v. *Fett* (30 Cal. 481), has not been repealed by the code. If mining claims are to be considered as real estate, then section 1091 is absolute in requiring the transfer to be in writing.

If this section does not relate to mining claims, then there is no law upon the subject of the mode of transfer, except the act of 1860. Section 1052 was not intended to repeal the statute of 1860, but was intended to meet the case of a transfer of property which is not provided for by the code or any existing statute.

By the COURT:

The plaintiffs claim title to an undivided interest in the Earle Mine, through a verbal sale made by Earle. A mine is real estate, and an interest therein, other than an estate at will, or for a term not exceeding one year, can be transferred only by operation of law or by an instrument in writing subscribed by the party disposing of the same, or by his agent thereunto authorized by writing. (Civil Code, Sec. 1091.)

The defendant was the owner of an undivided interest in the mining claim, and as such was entitled to the exclusive possession thereof, as against the plaintiffs—they not having shown any title in themselves.

Judgment affirmed.